**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

COREY BRIAN SANDERS
ADC #113737                                                                                                           PLAINTIFF

V.                                             5:10CV00281 JLH/JTR

ARTIS RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

>United States District Judge was not offered at the hearing before the Magistrate Judge.
>
>3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Corey Brian Sanders, who is in prison at the Maximum Security Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants violated his constitutional rights while he was in the Varner Unit. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed"

## II.  Discussion

A. **Plaintiff's Bribery Claim Against Defendants Page and Gibson**

Plaintiff alleges that, from February to August of 2009, Defendants Building Commander Joe Page and Chief of Building Security Curtis Gibson gave him tobacco products, which are prohibited within the ADC, in exchange for Plaintiff "keeping them in the know" about the wrongful conduct by other inmates.  *See* docket entry #2 at 4.  Plaintiff asserts that Defendants' "abuse of his addiction to nicotine" constitutes a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  *Id.*

Clearly, Plaintiff's *voluntary decision* to enter into a quid pro quo arrangement with Defendants Page and Gibson to obtain prohibited tobacco products does not rise to the level of an Eighth Amendment violation.  Thus, this claim should be dismissed, without prejudice.

B. **Plaintiff's Retaliation Claim Against Defendant Whaley**

Plaintiff asserts that, on September 22, 2009, he admitted to internal affairs investigators that he had received tobacco products from Defendant Gibson.[2]  *Id.*  Plaintiff contends that, on September 23, 2009, Defendant Deputy Warden John Whaley, who is allegedly a member of the Freemasons with Defendant Gibson, retaliated against him for giving that statement by moving Plaintiff from cellblock #4-53 to cellblock #167.  *Id.*  According to Plaintiff, the faucet in cellblock #167 was broken, and thus, he was forced to drink from a "moldy" shower head for one night until the faucet was fixed sometime on the "following day."  *Id.*

In order to state a retaliation claim, Plaintiff must establish that: (1) he engaged in constitutionally protected activity; (2) defendants took adverse action against him that would chill

---

and "held to less stringent standards than formal pleadings drafted by lawyers."

[2]  Plaintiff alleges that Defendant Gibson was ultimately terminated for his conduct.

a prisoner of ordinary firmness from engaging in that activity; and (3) retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir. 2004); *Sisneros v. Nix*, 95 F.3d 749,752 (8th Cir. 1996).

Plaintiff engaged in constitutionally protected activity when he allegedly participated in the internal affairs investigation.  *See Cornell v. Woods*, 69 F.3d 1383, 1388 (8th Cir. 1995).  However, the only alleged retaliatory conduct by Defendant Whaley consisted of having Plaintiff transferred to a cell where he had to drink from a "moldy" shower head for one day.  Clearly, the very limited consequences of that alleged conduct by Dr. Whaley would not chill a prisoner of ordinary firmness from participating in any future internal affairs investigations.  Thus, Plaintiff's allegations against Dr. Whaley do not rise to the level of a constitutional violation.

**C.     Plaintiff's Claim Against Defendant Hobbs**

Plaintiff alleges that Defendant ADC Director Ray Hobbs refused to conduct an internal affairs investigation into Defendant Page's involvement in the tobacco scheme because both Hobbs and Page are members of the Freemasons.   *See* docket entry #2.

It is black letter law that a § 1983 action can only be brought for violations of a federal statutory or constitutional right.  *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004); *Isakson v. First Nat'l Bank*, 990 F.2d 1098, 1098 (8th Cir. 1993).  Plaintiff does not have a federal statutory or constitutional right to demand an internal affairs investigation. Accordingly, this claim should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

    2.    Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

    3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 4th day of October, 2010.

/s/ J. Thomas Ray
_____
UNITED STATES MAGISTRATE JUDGE